UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLS, et al.,<br><br>    Defendants. | Case No. 17-cv-04828-JST<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has paid the filing fee.

**DISCUSSION**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b) (1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**DISCUSSION**

**I. COMPLAINT**

On November 6, 2013, Plaintiff and other inmates filed a group appeal against Officer Truvino (who is not a named defendant) for attempting to incite racial tensions between Black and Hispanic inmates. ECF No. 1 at 8. Around November 25-29, 2013, correctional officials conducted a mass investigation and mass interviews of the inmates who filed the Truvino group appeal. Id.

On December 4, 2013, under the guise of a cell search, Defendants Officers Nichols and Carraway trashed Plaintiff's cell. ECF No. 1 at 8. Twenty minutes later, also under the guise of a cell search, Officer Lacy led more than a dozen correctional officers into Plaintiff's cell section, and they raided the section, and trashed all cells in the section. Id. at 8–9.

On December 7, 2013,[1] Plaintiff and inmate Ramirez questioned Officer Nichols about the December 4, 2013 cell raids. Officer Nichols informed them that the prison program office was "infuriated" by the high number of grievances originating from Plaintiff's housing unit (B-7); that the program office attributed the high number of grievances to a lack of communication between floor staff and prisoners; and that the high number of grievances made it look as if Officer Nichols

---

[1] The Court presumes that the complaint's "November 7, 2013" date for the conversation with Nichols is a typographical error since the conversation concerns the December 4, 2013 cell raids.

2

1 had no control over the prisoners. ECF No. 1 at 9. Officer Nichols told Plaintiff that the Truvino appellants should have held their tongues and let it go, which Plaintiff interpreted as a warning that the inmates should not have filed the Truvino appeal.

## II. LEGAL CLAIMS

Plaintiff alleges that Defendants Nichols, Carraway, Lacy, and John Does trashed his cell in retaliation for filing the Truvino group appeal, in violation of the First Amendment. ECF No. 1 at 10–12. To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. Mulligan v. Nichols, 835 F.3d 983, 988 (9th Cir. 2016). Plaintiff has stated a cognizable First Amendment retaliation claim against Officer Nichols. Plaintiff has not stated a cognizable constitutional claim against Defendants Carraway and Lacy. The complaint's factual allegations regarding Defendants Carraway and Lacy's motivation for the cell searches rely on inferences gleaned from Plaintiff's conversation with Officer Nichols and are, at best, speculative. Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will DISMISS this First Amendment claim against Defendants Carraway and Lacy with leave to amend. If Plaintiff chooses to amend his complaint and re-plead his claim against Defendants Carraway and Lacy, he must proffer enough facts to state a plausible claim that Defendants Carraway and Lacy conducted the cell searches as a result of Plaintiff's constitutionally protected activity.

## CONCLUSION

1. The Court finds that Plaintiff has stated a cognizable First Amendment claim against Defendant Buchanon. The Court will DISMISS with leave to amend the First Amendment retaliation claim against Defendants Carraway and Lacy.

2. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 17-04828 JST (PR) and

3

the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claim which the Court has already found cognizable, and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result the initial complaint (ECF No. 1) remaining the operative complaint, and this action proceeding in accordance with this order. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

3. The Court finds that the complaint has stated a cognizable First Amendment retaliation claim against Officer Nichols. As Plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or officers of the Court for service. Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Plaintiff is therefore responsible for service of Defendant Nichols. The Clerk shall issue a summons to Plaintiff for PBSP Officer Nichols and send Plaintiff two copies of the complaint (ECF No. 1) with attachments and three copies of this Order. Plaintiff shall serve the summons, a copy of the complaint with attachments and a copy of this Order on Defendant Nichols within **56 days** of this Order. Plaintiff is also directed to file proofs of service of the summons and complaint on Defendant Nichols within **56 days** of this Order, or show good cause for the failure. **Failure to comply will result in the dismissal of any unserved defendants.** See Fed. R. Civ. P. 4(l), 4(m). The Clerk shall also mail a courtesy copy of the complaint and this Order to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **147** days from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendant is of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair,

4

timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

      c.      Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    5.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

    Plaintiff also is advised that a motion to dismiss for failure to exhaust available

5

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant has designated counsel, Plaintiff may mail a true copy of the document directly to Defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: November 15, 2017

_____
JON S. TIGAR
United States District Judge